ANDERSON KILL P.C.
1251 Avenue of the Americas, 42nd Floor
New York, New York 10020
Telephone: (212) 278-1000
Fax: (212) 278-1733
dkoplovitz@andersonkill.com
Attorneys for Plaintiff

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE<br><br>MARCIA CAMPBELL,<br><br>Debtor. | Case No. 17-13518(CGM)<br><br>Chapter 7 |
| NINEL BAKER,<br><br>Plaintiff,<br>v.<br>MARCIA CAMPBELL,<br><br>Defendant. | Adv. Pro. No. |

**COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2)(A), 727(a)(2)(B), 727(a)(4)(A), 727(a)(7) and SETTING FORTH PLAINTIFF'S OBJECTIONS TO THE DEBTOR'S EXEMPTION(S)**

Ninel Baker ("Plaintiff" "Ms. Baker"), a creditor of the Debtor MARCIA CAMPBELL ("Ms. Campbell", "Debtor" or "Defendant"), by and through her attorneys, Anderson Kill P.C., sets forth her Complaint objecting to discharge of the Defendant's obligations pursuant to Title 11 of the United States Code, and sets

1

forth her objections to the Debtor's exemptions and in support thereof, alleges as follows:

## PROCEDURAL HISTORY

1. On or about December 8, 2017, (the "Filing Date"), the Defendant filed a voluntary petition (the "Petition") for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

2. John S. Pereira, Esquire has been appointed the Chapter 7 Trustee of the Debtor's estate, after the Debtor voluntarily converted her case from Chapter 13 to Chapter 7 on or about January 17, 2018.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over the parties and the subject matter of this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

4. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

6. This proceeding is brought in accordance with Fed. R. Bankr. P. 7001.

## FACTUAL BACKGROUND

7. Plaintiff is an individual domiciled in the State of New York.

8. Ms. Campbell is an individual believed, upon information and belief, to reside at 440 Beechmont Drive, New Rochelle, New York.

9. Ms. Baker extended credit to Defendant in a mortgage and note dated on or about August, 2009, which loan was secured by a parcel of real property located at 3939 White Plains Road, Bronx, New York.

10. Plaintiff is seeking an order denying Defendant a discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A), 727(a)(2)(B), 727(a)(4)(A) and Fed. R. Bankr. P. 4004.

11. In addition, Plaintiff is objecting to Defendant's claimed exemption of her interest in a parcel of real property located in Jamaica, West Indies.

12. This complaint is brought because, in brief, in addition to the various corporate entities which Defendant owns, and which Defendant admitted she did not disclose in her schedules, Defendant also has misreported other ownership interests in other parcels of real property which she owns in her own name.

13. Not only has Defendant misreported the ownership interest in a parcel of real property in Jamaica, West Indies, and in addition to parcels of real property in the City of New York which Defendant owns through various corporate entities, but upon information and belief, Defendant also directly owns other parcels of real property in the City of New York, which she has not disclosed to this Court.

14. Defendant has also acted in a fraudulent manner by concealing assets from this Court and from creditors, such as Ms. Baker, in an effort to defeat or avoid having to pay, *inter alia,* Ms. Baker amounts which she is entitled to.

15. Defendant's bad faith is also evident because in her previous bankruptcy case, as set forth herein, she failed to distribute some $460,000 to the Chapter 13 trustee, which sum was received directly by the Defendant in conjunction

with the sale of real property which the Defendant owned through one of her corporate entities.

16. This previous bad faith is indicative of her bad faith with her current bankruptcy petition.

## DEFENDANT'S PREVIOUS BANKRUPCTY CASES
## FILED IN THIS COURT

17. Upon information and belief, the Debtor filed her first chapter 13 case in this Court on December 8, 2013, under Case No. 13-40003 (CGM).

18. In conjunction with that case, Defendant had agreed to sell 3939 White Plains Road, and to pay her creditors from the proceeds of the sale of that property.

19. That case was pending for nearly three years and was ultimately dismissed on August 10, 2016, after Defendant failed to uphold her agreement to sell 3939 White Plains Road, Bronx, New York.

20. The Debtor subsequently filed Case No. 16-23299 (RDD) in White Plains on September 25, 2016, just over one month later.

21. That case was dismissed voluntarily by order issued on December 9, 2016 after the Debtor failed to file most of the required documents in that case, including a plan of reorganization.

## GENERAL ALLEGATIONS

22. Ms. Campbell signed a mortgage and note in favor of Ms. Baker on or about August 15, 2009 in the amount of $45,000.

docs-100011843.1

23.     Defendant never made a single monthly payment to Ms. Baker in conjunction with the note and mortgage.

24.     After Defendant defaulted in her payment obligations to Ms. Baker, she instituted a mortgage foreclosure proceeding in the Supreme Court of the State of New York, County of New York against Defendant.

25.     That action has been stayed due to the various and repeated filings in this Court by Defendant.

26.     With respect to the Defendant's most recent bankruptcy filing, on December 8, 2017, Defendant signed her Chapter 13 Petition thereby declaring under the penalty of perjury that the information provided therein is true and accurate.

27.     On or about January 17, 2018, the Defendant converted her Chapter 13 case to a Chapter 7 case.

28.     In conjunction with the Petition, Defendant filed: (i) Debtors' schedules "A", "B", "C", "D", "E","F', "G", "H", "I" and "J" and (ii) Debtor's Statement of Financial Affairs (the "SOFA") on January 24, 2018.

29.     Defendant executed the Declaration Concerning Debtor's Schedules, whereby Defendant declared, under the penalty of perjury, that she had read the Schedules, and they were true and accurate to the best of Defendant's knowledge, information, and belief.

30.     Defendant executed the Declaration Concerning Defendant's SOFA, whereby Defendant declared, under the penalty of perjury, that she had read the SOFA and the information contained therein was true and accurate to the best of Defendant's knowledge, information, and belief.

31.  In conjunction with the Petition, Defendant filed subsequent: (i) Debtors' schedules "A", "B", "C", "D", "E","F', "G", "H", "I" and "J" (collectively the "Schedules") and (ii) Debtor's Statement of Financial Affairs (the "SOFA") on January 24, 2018.

32.  Upon information and belief, the web of deceit that the Defendant has spun is so thick that it is difficult to understand, but some of that web started to become clearer at the 341 meeting of creditors when the defendant readily admitted to:

a) failing to disclose her ownership interest(s) in various real estate companies of which she is the sole owner, and which companies own parcels of real property;

b) failing to disclose rental income to the Court and to creditors;

c) transferring her valuable real estate brokerage business to her son for no consideration;

d) willfully offering leases to her son (and possibly others) for the commercial space at 3939 White Plains Road for no consideration, or at well below market rate, which is obviously being done in an effort to defeat her creditors, including Ms. Baker;

e) underreporting the value of real property in Jamaica, West Indies;

f) making numerous monetary transfers to her family members pre-petition in an effort to defeat creditors; and

g) failing to disclose her 100% ownership interest in at least one parcel of real property which was sold during the pendency of her previous bankruptcy case

6

and in which she never gave any of the proceeds of that sale to the Chapter 13 Trustee; and

        h) failing to disclose at least $460,000 of proceeds from the sale of real property which was sold by a company owned 100% by the Defendant, which funds were realized on December 8, 2017, the same day the Defendant filed for bankruptcy protection.

33.     In addition, at the 341 meeting of creditors, the Defendant also admitted to having no explanation as to why there was a $13,000 difference in her valuation of her jewelry from January 24, 2018 to April 18, 2018.

34.     One of the egregious examples of the Defendant's dishonesty to her creditors and the Court is her attempt conceal assets relative to a company known as "DVM Second Chance LLC" (referred to herein as "DVM").

35.     With respect to this entity, the Defendant readily admitted at the 341 meeting of creditors that she did not list her ownership interest in DVM in her schedules.

36.     At the 341 meeting of creditors, Defendant also readily admitted that DVM owned at least one other parcel of real property which Defendant did not disclose in her current schedule, and it may have possibly owned more parcels of real property.

37.     Defendant also readily admitted at the 341 meeting of creditors that that property was sold on the same day Defendant filed for bankruptcy, to wit, December 8, 2017 in the amount of $460,000.

38.     Defendant claimed that she did not disclose the sum of $460,000 because that amount is being "held by the Court".

docs-100011843.1

39. Another example of the Defendant's dishonesty is her failure to disclose that she transferred a real estate brokerage business to her son, Fred Campbell Jr., for no consideration.

40. The Defendant also claimed at the meeting of creditors and that she is renting the first floor commercial space which she owns, to other parties, for free.

41. In addition, a review of the public records reveals that there is likely, upon information and belief, other real property in the City of New York which is owned by Defendant and which she has not disclosed to this Court.

42. Moreover, even though permitted with an opportunity to disclose other corporate entities in which she has an interest at the 341 meeting, Defendant failed to reveal to the Court that she owns an entity known as 1024 Dyer Corp. which owned property which Defendant sold during the pendency of her previous Chapter 13 case, and which she never disclosed to the Court, or provided the funds from that sale to the U.S. Trustee.

**FALSE STATEMENTS MADE BY DEFENDANT**

43. Upon information and belief, Defendant not disclosed at least one, and possibly other, corporate entities in which Defendant has interests.

44. Defendant has not disclosed to this Court or to creditors, the fact that she has, and has had, additional rental income from several parcels of real property which she owns, including but not limited to 3939 White Plains Road, Bronx, New York.

8

45. Accordingly, the statement made by the Defendant in part 4, paragraph 19 of schedule A/B that she has no ownership interest in corporate entitles or other businesses is false.

46. It is particularly false because the Defendant admitted at the 341 meeting that she transferred Extreme Realty Advance, a going concern real property company, to her son for no consideration.

47. The Defendant has also made a materially false statement in part 4, paragraph 27 of schedule A/B because the Defendant admitted to holding a real estate broker's license at the 341 meeting, which she did not disclose on her schedules.

48. Additionally, the statement made by the Defendant in part 1 paragraph 1.2 of schedule A/B that she only owns ¼ of a parcel of real property in Jamaica, West Indies, is false, as she admitted at the meeting of creditors that she owns ½ of that property.

49. The statements made by the Defendant in part 5 paragraph 38 of schedule A/B is false as upon information and belief, Defendant has more rental income than $1800 a month, and if she is not collecting rental income from others, it has been done in a fraudulent or otherwise preferential manner to defeat her creditors, and, therefore, is essentially a false act.

50. Moreover, Schedule G, also filed with the Court on April 18, 2018, the Debtor states that she does not list any interest in unexpired leases or executory contracts, yet it is clear that she does.

docs-100011843.1

## AS AND FOR A FIRST CAUSE OF ACTION: OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(2)(A) & (B)

51. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "50" above as if fully set forth herein.

52. Defendant, with intent to hinder, delay, or defraud a creditor or an officer of the estate has concealed property of the estate within one year before the Filing Date, and after the Filing Date, in violation of 11 U.S.C. § 727(a)(2)(A) & (B).

53. Defendant has concealed at least $460,000 in proceeds from the sale of real property which the Defendant realized on the day of the bankruptcy filing, thereby withholding property of the estate from creditors, namely, the Plaintiff, with the intent of hindering the Plaintiff and the Trustee's effort to compile and manage the bankruptcy estate in accordance with the provisions of the Code to maximize distributions to creditors.

54. Defendant has reduced the value of the estate and hindered, delayed, and/or defrauded her creditors and the Trustee by failing to disclose assets (including but not limited to real property, corporate interests, and rental income as set forth above) that should be available to the Trustee and to all creditors, and in particular, secured creditors.

55. Defendant has acted with the specific intent to hinder, delay, and defraud Plaintiffs by concealing assets and failing to disclose assets.

56. The aforesaid actions of the Defendant constitutes grounds for denial of discharge pursuant to 11 U.S.C. § 727(a)(2)(A) & (B).

docs-100011843.1

## AS AND FOR A SECOND CAUSE OF ACTION: OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(4)(A)

57. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "56" above as if fully set forth herein.

58. 11 U.S.C. § 727(a)(4)(A) provides for a denial of discharge when the Defendant knowingly makes false oaths material to the bankruptcy estate, with the intent to defraud creditors or the trustee, or a reckless disregard for the truth.

59. The Debtor's acts as set forth above, show a systematic attempt to defraud the Court, the Trustee and creditors with a reckless disregard for the truthfulness of the information contained in Defendants' Petition, Schedules and SOFA.

60. The Debtor's materially false oath that she does not have any interests in any companies or corporate entities was made with the intent to defraud Ms. Baker, a creditor of the Defendant.

61. It is particularly telling because the Defendant admitted to giving her real estate company, Extreme Realty Advance to her son for no consideration, because she had or has several other real estate holding companies which she did not disclose and which own or owned valuable parcels of real property in the City of New York.

62. The aforesaid actions of the Defendant constitute grounds for denial of discharge pursuant to 11 U.S.C. § 727(a)(4)(a).

docs-100011843.1

## **OBJECTION TO EXEMPTION OF JAMAICA, WEST INDIES PROPERTY**

63. The Debtor has listed as exempt her claimed $10,000 interest in a parcel of real property in Jamaica, West Indies identified as 239 Saint Catherine West Aintree, Greater Portmore, Jamaica.

64. However, there is no basis for this exemption and the Debtor has not set forth any such reason at the meeting of creditors.

65. Indeed, there is nothing in 11 U.S.C. § 522 that permits this claimed exemption.

66. Moreover, the house at issue is not the Debtor's primary residence and to the extent that the Debtor owns the house with another family member, the house can be partitioned and the Debtor's interest sold to pay the Debtor's creditors.

67. Accordingly, Plaintiff objects to this exemption because neither 11 U.S.C. §522 nor CPLR §5206(a) permit this exemption.

68. Second, to the extent that the Debtor is trying to claim any exemption with respect to the real property at 3939 White Plains Road, Bronx, New York, Plaintiff also objections to this claimed exemption (if any) because this is not, upon information and belief, the Debtor's primary residence and because the property is encumbered by two mortgages which will likely subsume the entirety of the equity in the property.

69. Third, the Plaintiff objects to the Debtor's exemptions of $4,000 for electronics and $2,000 of desks, computers, printers, and telephones. Defendant should not be permitted to have it two ways- on the one hand, claiming

docs-100011843.1

as set forth above and at the meeting of creditors, that her son now owns this property to run the real estate business which the Defendant transferred to him for no value, and on the other hand, trying to claim this property as exempt.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an order (i) denying the Defendant a discharge pursuant to section 727(a)(2)(A) and (B) of the Code; (ii) denying the Defendant a discharge pursuant to section 727(a)(4)(A) of the Code, and (iii) denying the Debtor's claimed exemptions set forth herein, and granting Plaintiff such other and further relief as this Court deems just and proper.

Dated:  May 11, 2018
        New York, New York

By: /s/ Deborah B. Koplovitz
    Deborah B. Koplovitz

Anderson Kill P.C.
1251 Avenue of the Americas, 42nd Floor
New York, New York 10020
Attorneys for Plaintiff
Telephone: (212) 278-1000
Fax: (212) 278-1733
dkoplovitz@andersonkill.com

docs-100011843.1