```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
IN RE:
                                        Chapter 7
        MARCIA CAMPBELL                 Index No.: 17-13518

                        Debtor
NINEL BAKER,

              Plaintiff,                Adv. Pro. No.: 18-01543
        v.                              Answer and Counterclaims
MARCIA CAMPBELL,

              Defendant.
```

Defendant Marcia Campbell by and through her attorneys BLACKMAN & MELVILLE P.C., as and for their Answer alleges as follows:,

1. Defendant admits allegations contained within paragraphs, 1, 2, 3, 4, 5, 6, 7, 20, 22, 31, 36 and 37.

2. Defendants deny allegations as contained in paragraphs 9-19, 23-30, 32-35, 38-57, and 59-69.

3. Defendant admits to the allegation within paragraph 8 but only to the extent that she is an individual.

4. Defendant admits to the allegation within paragraph 21 but only to the extent that the case was voluntarily dismissed by the Defendant.

5. Defendant denies the allegation within paragraph 9 to the extent that there is no note.

6. Defendant denies the allegation within paragraph 34 to the extent that the matter is irrelevant to this matter.

7. Defendant also denies allegations in paragraphs 48-50 to the extent that the allegations are frivolous and irrelevant.

## DEFENSES

### PLAINTIFF LACKS STANDING

1. Plaintiff has not sufficiently proven that she is a creditor in this case sufficiently to establish the relief requested.

### PLAINTIFF IS IN FACT FRAUDULENT PARTY

2. Plaintiff will be incapable of producing a proper instrument indicating or proving a valid debt. Defendant paid Plaintiff an amount of $15,000.00. Plaintiff has failed to adequately credit Defendant's account.

3. Plaintiff however comes to this court pleading that Defendant never paid.

4. Plaintiff's accounting of the Debt is fraudulent.

### UNCLEAN HANDS

5. Plaintiff comes to this court with unclean hands.

6. Plaintiff has by her own fraud and deceit forced defendant to execute several inconsistent documents and has received money from the Defendant on one or more occasions contrary to the allegations in its complaint.

7. This is the reason Plaintiff cannot show the Note in these proceedings, although she duly alleges the execution of a Note and Mortgage.

### FAILURE TO STATE A CAUSE OF ACTION.

8. Plaintiffs failed to state a cause of action under which either at law or in equity any relief may be granted.

9. Plaintiffs have failed to establish any proper or legal grounds for a derivative action, breach of contract, breach of fiduciary duty or any other cause of action contained within the complaint.

## **FAILURE TO HAVE REQUISITE INTENT TO COMMIT FRAUD PURSUANT TO THE TERMS OF THE STATUTE**

10. The defendant has in no way,' made a false or fraudulent representation, claim, or promise concerning or in relation to a proceeding under title 11, at any time before or after the filing of the petition, or in relation to a proceeding falsely asserted to be pending under such title,' and the opposing party had failed to establish any evidence of such.

11. The Plaintiffs have also failed to sufficiently plead requisite allegations to support willfulness, deceit, dishonesty or fraud.

## **LACHES**

12. Plaintiffs may not recover damages under any causes of action due to the principle laches.

13. Plaintiff's allegations of the purported or alleged incident(s) were over such a period that so much time has passed that it would be unreasonable for anyone to bring an action in such a case.

## **LACK OF RELEVAANCE OR MATERIALITY**

14. Any statements made by Defendant in her petition were neither relevant nor material to Plaintiff's claim.

15. If the correct facts were taken to be true, it would not have changed the outcome of these underlying proceedings.

## **ESTOPPEL**

16. Plaintiff should be estopped from pleading the allegations as Plaintiff has seen other schedules and statements with same information and has acquiesced on those grounds previously.

**LACK OF DOCUMENTARY EVIDENCE**

17. Plaintiff has a lack of aversions for allegations made within the complaint.

18. There has been no evidence of a promissory note which is essential in order to prove the existence of a security instrument for consideration entitling the creditor to the relief.

19. The plaintiff has failed to identify any such document in any and all papers in this proceeding and therefore has failed to prove the existence of any indebtedness giving rise standing.

20. Plaintiff fails to show and prove that Defendants has committed all of these acts complained of.  Plaintiff's fiction in her incapacity to provide any documentary evidence in support of her claims should warrant a dismissal.

**Dated:    July 13, 2013**

*[signature: Nigel E. Blackman]*

———————————————————————
BLACKMAN & MELVILLE, P.C
By: Nigel E. Blackman, Esq.
11 Broadway, Suite 615
New York, NY 10004
(718) 576-1646